1
2
3
4
5                                                                    *E-Filed 5/28/10*
6
7
8                        UNITED STATES DISTRICT COURT
9                      NORTHERN DISTRICT OF CALIFORNIA
10                           SAN FRANCISCO DIVISION
11

**United States District Court**
**For the Northern District of California**

12   VINCENT ROSENBALM,                    No. C 10-0071 RS (PR)

13              Plaintiff,                  **ORDER REOPENING ACTION;**

14        v.                               **PARTIAL DISMISSAL WITH LEAVE**
                                           **TO AMEND**
15
16   EDWARD FOULK, et al.,

17              Defendants.
     _____/
18
19
20        This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 28
21   U.S.C. § 1983 against defendant Edward Foulk, Executive Director of Napa State Hospital,
22   and his staff for allegedly violating plaintiff's constitutional rights.

                              **DISCUSSION**
23
24   **A.    Reopening Action**

25        This action was dismissed without prejudice on April 12, 2010 and the file closed

26   because plaintiff failed timely to pay the filing fee or to file a complete application to

27   proceed *in forma pauperis*.  Plaintiff has now paid the filing fee.  Accordingly, the judgment

28   and the order of dismissal (Docket Nos. 8 & 9) are VACATED.  The action is hereby

reopened.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**B.      Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must nonetheless be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges that in 2009, defendant Foulk, Director of Napa State Hospital, and his staff violated petitioner's constitutional rights by falsely imprisoning him after a state court had ordered plaintiff released.  Liberally construed, plaintiff's claim against defendant Foulk is cognizable under § 1983.

Plaintiff's claims against Foulk's staff are DISMISSED with leave to amend.  Rather than alleging claims against the "staff," plaintiff must allege specific facts against specific defendants detailing how specific individuals may have violated his constitutional rights. Accordingly, the claims against the staff are  DISMISSED with leave to amend.  Plaintiff shall file an amended complaint correcting the deficiencies of these claims as described in this order within 30 days from the date this order is filed.  If plaintiff fails to amend his claims in a timely fashion, the Court will regard the claims against the staff as waived, and will order service on the sole cognizable claim against defendant Foulk.

The first amended complaint must include the caption and civil case number used in this order (10-0071 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference.  Accordingly, plaintiff is directed to restate his claim against defendant Foulk, and to correct the deficiencies of the claims against the staff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  May 27,  2010

_____
RICHARD SEEBORG
United States District Judge

No. C 10-0071 RS (PR)
ORDER

3